Marshall afterwards died, and the suit has not been revived against his representatives.
Upon several issues, submitted, to the jury, they found that Marshall was requested by P. Hawkins, deceased, of his own will, to redeliver the deeds, which he unjustifiably refused to do.
It appears from the statement sent up that the character given by the bill to C. Marshall is that of a trustee, and the question is as to the competency of his testimony. Upon this subject there is a variance in the practice of courts of law and equity. In the first, no person made a defendant can be a witness unless in some particular cases where he is improperly made a defendant, and there is no proof against him; in which case the jury are directed to pass upon him, and upon acquittal, he is received as a witness. In the court of equity it is frequently necessary to make a person defendant for the sake (434) of form; and then it is almost a matter of course to examine him upon motion. Where a trustee has the legal interest in an estate, but is in all other respects nominal, he cannot be examined at law as to the merits or design of the deed, but there are several authorities to show that he may be admitted in equity. It is not to be understood that these rules of evidence at law and in equity differ in general, but only in particular cases. Where fraud is charged by a bill, or the inquiry is relative to a trust, the jurisdiction of this Court would be greatly circumscribed and its power of fully investigating the latent elements of a transaction over which artifice sometimes spreads the thickest disguise much abridged if it were confined within the strict rules prescribed by court of law.
In Ambler, 393, a trustee plaintiff was examined on behalf of a defendant. In 1 P. Wms. it was ordered that the defendant might examine one of the plaintiffs who were assignees of a bankrupt as a witness for the defendant. In Gilb. Eq. Rep., 98, it is said that a defendant may be made a witness because he is forced into the suit. In Ambler, 592, the deposition of a trustee was admitted to be read as to the quantity of trust money in her hands. In 2 Vesey, 629, it is said that when a trustee or attorney is a defendant, the objection goes only to his credit. If he is particepsfraudis, or interested, it goes to his competency.
We cannot consider Marshall in any other light than as a formal party. The suit is not revived against his representatives, and they, therefore, cannot be liable to a decree or the costs.
There must be a new trial, and his deposition is allowed to be read.
NOTE. — See Jones v. Bullock, 17 N.C. 368; Falls v. Carpenter,21 N.C. 237; Williams v. Maitland, 36 N.C. 92; Lewis v. Owen, ibid., 290. *Page 327 
(435)